UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLARE E. DEBLAAY,
AMBER L. KOZLOSKE, and
BRITTANY M. SAMP,

      Plaintiffs,

                                      Case Number 05-10264-BC
v.                                    Honorable Thomas L. Ludington

ROBERT SHANE SMITH

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, TAKING MOTION FOR
SUMMARY JUDGMENT WITH RESPECT TO COUNT II OF AMENDED
COMPLAINT UNDER ADVISEMENT,
AND DIRECTING SUPPLEMENTAL BRIEFING**

The plaintiffs filed this action on October 4, 2005 alleging that defendant Trooper Shane Smith violated their constitutional rights when he entered plaintiff DeBlaay's home, subjected the plaintiffs to an unlawful clothing search, and engaged them as undercover informants in an attempt to infiltrate drug sales in the greater Alpena, Michigan community. The plaintiffs plead five causes of action in their amended complaint: unlawful entry, search, and seizure under the Fourth Amendment and 42 U.S.C. § 1983 (count one); denial of due process under the Fourteenth Amendment and 42 U.S.C. § 1983 on a state-created-danger theory (count two); false arrest/imprisonment in violation of Michigan law (count three); intentional infliction of emotional distress (count four); and violation of Michigan's Elliot Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* (count five). Presently before the Court is the defendant's motion for summary judgment. The Court has considered the parties' submissions and heard oral argument in open court on October 16, 2006.

At the hearing, the Court granted the defendant's motion with respect to his contention that no unlawful entry into plaintiff DeBlaay's residence occurred.  Viewing the facts in the light most favorable to the plaintiffs, the record evidence failed to establish that a search occurred within the meaning of the Fourth Amendment.  The defendant's initial conduct simply was to determine the presence of other adults inside the home.  *See* Wayne R.  LaFave, *Search and Seizure*, 2.1(a) (3rd ed.)  (reasoning that "[a] search generally implies a prying into hidden places for that which is concealed and that the object searched or had been hidden or intentionally put out of the way").  Even assuming the defendant's conduct amounted to a search, plaintiff DeBlaay agreed that she essentially gave the defendant "a tour of the house." Pl.'s Resp. Br. Ex. 5, DeBlaay dep. at 120.

The Court, however, denied the defendant's motion concerning the alleged search of the plaintiffs' clothing by the defendant.  The plaintiffs allege in their amended complaint that the defendant presented them with a choice inside DeBlaay's residence: they could enter a bedroom, remove their clothes, and hand them to the defendant – who waited outside the bedroom – for inspection; or they could accompany him to the police station where a female trooper would conduct a strip search.  The plaintiffs contend that they chose the clothing search at the residence.  In his motion and at argument, the defendant denied that he conducted such a search, but made alternative arguments in light of this factual conflict.

During the hearing, the defendant conceded that the clothing search, had it occurred, would have been unreasonable and without probable cause, but contended that plaintiffs' consent vitiated the search from constitutional infirmity.  In *Cochrane v. Quattrocchi*, 949 F.2d 11 (1st Cir. 1991), a case cited by the Court, the First Circuit found in somewhat analogous circumstances that a choice premised upon an unconstitutional option amounts to coercion.  *Cochrane*, 949 F.2d at 13 (finding

-2-

that "the conditioning access to the Jail upon sacrifice of [the visitor's] right to be free of an otherwise unreasonable strip search was dispositive of the consent issue . . . . [T]he visitor's right to leave rather than submit to search . . . in [no way] affected the issue; for it is the very choice to which she was put that is constitutionally intolerable") (internal citations omitted).

In this case, the Court found at argument that the options the plaintiffs were offered – to submit to a clothing search at the residence or be strip searched at the police station – neither of which were supported by probable cause were coercive.  As a result, if the trier of fact believed the plaintiffs' version of events, the plaintiffs would be entitled to recover on their claim of unlawful search under the Fourth Amendment.

The Court also found that the plaintiffs may establish a viable "seizure" theory under the Fourth Amendment and therefore denied the defendant's motion in that regard.  Although the plaintiffs argued during the hearing that they were seized for Fourth Amendment purposes following the traffic stop until the defendant left plaintiff DeBlaay's residence, the Court determined that only the period during which the plaintiffs' clothing was searched following the defendant's alleged statement that they be searched in the residence or at the station fell within the definition of seizure. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (reasoning that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave). The record evidence in this case established that the plaintiffs were free to leave prior to the defendant's alleged statement, even though their minor in possession tickets had not yet been furnished to them.

The Court further denied the defendant's motion seeking judgment as a matter on the

-3-

plaintiffs' state law claims of false imprisonment and intention infliction of emotional distress. In terms of the former, the Court concluded that a fact issue remained for trial largely for the same reason a jury could conclude that the facts support an unconstitutional seizure. *See Walsh v. Taylor,* 263 Mich. App. 618, 627, 689 N.W.2d 506, 510 (2004) (noting that the elements of the tort of false imprisonment are: "(1) an act committed with the intention of confining another, (2) the act directly or indirectly results in confinement, and (3) the person confined is conscious of their confinement") With respect to the latter cause of action, the Court concluded that a trier of fact could find that the events surrounding the alleged clothing search amounted to outrageous conduct. *See Sawabini v. Desenberg,* 143 Mich. App. 373, 383, 372 N.W.2d 559, 565 (1985) (stating that the court must first make an initial determination, as a matter of law, that the alleged conduct is outrageous, that is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). However, the Court limited the scope of the plaintiffs' emotional distress claim to the clothing search alone.

Finally, the Court took under advisement the question of the viability of the plaintiffs' state-created-danger theory under the Fourteenth Amendment. The Court directed the parties to furnish additional briefing on the issue of the legal authority of the defendant, a uniformed state police trooper, to solicit the plaintiffs to commit crimes as informants in exchange for reducing or dismissing criminal offenses. The Court will make a ruling with respect to this count following receipt of the additional information and due consideration.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated on the record.

It is further **ORDERED** that the plaintiffs may proceed to trial on their claims of unlawful

-4-

search, illegal seizure, false imprisonment, and intentional infliction of emotional distress subject to the limitations explained above and for the reasons stated on the record.

It is further **ORDERED** that the defendant's motion with respect to the plaintiffs' claim of a state-created danger is taken under advisement.  The defendant is directed to submit supplemental briefing on the issue identified above on or before **November 6, 2006.**  The plaintiffs shall file a response thereto on or before **November 20, 2006**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 19, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 19, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---